FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2018 SEP 24  PM 4:07

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

HECTOR O. BELEN,

    PLAINTIFF,

v.

Case No: 6:18-CV-1586-ORL-41KRS

KINNERET, INC., AND KINNERET II, INC.

    Defendants.

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, was an employee of Defendants, which are closely held, Florida corporate entities, and brings this action for injunctive relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA").

2. Plaintiff worked for Defendants in a position that was "salaried" according to Defendants, in Orange County, Florida. Kinneret, Inc. and Kinneret II, Inc., are joint employers, who directed and supervised Plaintiff's employment, throughout Plaintiff's tenure with Defendants, who will be referred to collectively as "Defendants" for the purpose of this action.

3. Defendants are within the jurisdiction of the Court.

4. Defendants are EMPLOYERs as defined by the FLSA and Defendant conducts interstate commerce, using telephones, highways and byways and products and supplies (that are used in connection with services provided to Defendants' customers) that do not originate from Florida. The nature of Defendants' business is to own and or apartment complexes.

5. Defendants operate a rental property facility in Orlando and employed Plaintiff from approximately March 30, 2015 through April 6, 2018.

6. This action is brought under the FLSA to obtain injunctive relief against Defendants as well as reasonable attorneys' fees and costs.

7. The Court has jurisdiction over Plaintiff's claims as all material events transpired in Orange County, including those brought pursuant to the FLSA.

8. Plaintiff was advised by Defendants that Plaintiff was an "exempt" for Defendants, but paid Plaintiff an hourly wage, which was reflected on Plaintiff's time cards, of $24.94 per hour and Plaintiff's gross pay amounts where not always consistent. Further, Plaintiff was required to "punch a time clock", though Plaintiff was not permitted to record all of the time Plaintiff worked due to directives from

Heather Lomax, Plaintiff's immediate supervisor. Additionally, per Heather Lomax, in the event that Plaintiff would be off any particular day, said day would be deducted from Plaintiff's pay unless Plaintiff had sufficient PTO.

9. Plaintiff did not have discretion in regards to vendors that did business with Defendants.

10. Plaintiff did not set rates of pay for employees.

11. Plaintiff did not negotiate contracts on behalf of Defendants.

12. Plaintiff did not negotiate invoices or accounts payable on behalf of Defendants.

13. Plaintiff did not take part in any budgetary planning or forecasting for Defendants.

14. Plaintiff did not draft or create policy for Defendants.

15. Plaintiff worked approximately three years for the Defendants, performing primarily blue collar work and wore a uniform that corresponded with the uniforms worn by his co-workers.

16. Plaintiff worked approximately 5 or more hours a week for Defendants during each week of Plaintiff's employment with Defendants, but Plaintiff was only paid for 40 hours during each week of Plaintiff's

employment. Plaintiff worked from approximately March 30, 2015 through April 6, 2018 and was labeled as a "supervisor", though Plaintiff had no true managerial duties or discretion.

17. At all material times relevant to this action, Defendants was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). In fact, Defendants routinely conduct commerce, serving Florida residents as well as those persons domiciled elsewhere in the United States of America.

18. Defendants terminated Plaintiff on March 30, 2018.

19. Defendants did not have a right to classify Plaintiff as "exempt" as said "exempt" status was not grounded in either law nor fact.

20. Prior to the filing of this lawsuit, Plaintiff wrote to Defendants and asked to be paid for all of the time that Plaintiff worked and Plaintiff also requested Plaintiff's time keeping and payroll records from Defendants. Defendants did not comply.

21. Defendants has failed, refused and/or neglected to respond to Plaintiff's request.

22. Plaintiff demands, pursuant to the FLSA and Sections 201-216 of the FLSA, for full payment of any and all wages due and owing from Defendants.

35. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands injunctive relief against Defendants as well as reasonable attorney fees and costs and such other further relief as this Court deems just and proper.

Under penalty of perjury, I do hereby swear and affirm that the factual statements presented above are true and accurate.

_/s/ Hector O. Belen_

Hector O. Belen

DATED this **20** day of September 2018,

 

s. W. John Gadd
W. John Gadd, Esq.
Fl Bar Number 463061
2727 Ulmerton Rd.
Ste.250
Clearwater, FL 33762
Tel - (727)524-6300
Email - wjg@mazgadd.com