## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HECTOR O. BELEN,**

        **Plaintiff,**

**v.**                                                        **Case No:  6:18-cv-1586-Orl-41LRH**

**KINNERET, INC. and KINNERET II, INC.,**

        **Defendants.**

_____

### REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT AND TO DISMISS CASE WITH PREJUDICE (Doc. 25)**
>
> **FILED:**    **June 13, 2019**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART** and **DENIED IN PART**.

## I.    Background

The Plaintiff has alleged a claim for unpaid overtime wages against the Defendant, his former employer, in violation of the Fair Labor Standards Act (FLSA). *See* Doc. 1 (Complaint) and Doc. 15 (Plaintiff's answers to the Court's FLSA interrogatories). After engaging in limited discovery as required by the Court's FLSA Scheduling Order (Doc. 14), the Parties reached a settlement. (Docs. 21-22). The Parties filed an initial joint motion for approval of settlement (Doc. 22), which the Court denied because the settlement agreement contained inconsistent provisions

relating to the scope of the claims the Plaintiff agreed to waive and release.  (Doc. 24).   The Court directed the Parties to file a renewed motion for settlement approval on or before June 13, 2019 (*Id.*), which they did, along with a revised settlement agreement (Doc. 25 (Motion) and Doc. 25-1 (Revised Agreement)).   That motion and the revised settlement agreement have been referred to the undersigned for review.

In response to the Court's FLSA Interrogatories, the Plaintiff claims that he worked for the Defendants as a nonexempt employee between 2015 and 2018 and was paid $24.00 per hour. (Docs. 15 at 4-5; 25 at 2).   The Plaintiff claims that he worked an average of five to ten overtime hours per week throughout his employment with the Defendants. (Doc. 15 at 5).   The Plaintiff further claims that the Defendants misclassified him as an exempt employee and paid him a salary, therefore failing to compensate him for the overtime hours he worked in violation of the overtime provision of the FLSA, 29 U.S.C. § 207, and Florida common law.   (Docs. 15 at 5; 25 at 1-2).   As a result, the Plaintiff claims that he is entitled to somewhere between $6,000.00 and $18,000.00 in unpaid overtime wages and an equal amount in liquidated damages.   (Doc. 15 at 5).[1]

Under the Revised Agreement, the Plaintiff will receive $2,950.00 in unpaid wages, $2,950.00 in liquidated damages, and $4,000.00 in attorney fees and costs in exchange for releasing any and all FLSA claims that he may have against the Defendants and other released parties.   (Doc. 25-1 at ¶¶ 2-3).   The parties assert that the Revised Agreement represents a fair and reasonable

---

[1] In denying the parties' initial motion to approve their settlement, the undersigned stated that the parties "should clarify exactly how much the Plaintiff claimed he is entitled to recover in the renewed motion."   (Doc. 24 at 2 n.1).   The parties, however, did not heed the undersigned's direction.   (*See* Doc. 25).   Despite this fact, the undersigned finds that it is not grounds to deny the renewed motion.   The parties did not disagree with the undersigned's discussion of the Plaintiff's answers to the Court's interrogatories.   Thus, the parties implicitly agree that the Plaintiff claimed somewhere between $6,000.00 and $18,000.00 in unpaid overtime wages and an equal amount in liquidated damages.   This information is sufficient for the Court to determine whether the compromise discussed below is fair and reasonable.

resolution of the Plaintiff's FLSA claims and request that the Court grant the Motion and dismiss the case with prejudice.   (Doc. 25 at 5).

## II.    Law

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[2]  *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).   Before approving an FLSA settlement, the Court must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims.   *See id*. at 1353-55.   In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).   The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute.   *See Lynn's Food Stores*, 679 F.2d at 1354.   There is a strong presumption in favor of settlement.   *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[3]

In addition to the foregoing factors, the Court must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is

---

[2] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

[3] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009). [4]   The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim.   *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

### III.   Analysis

#### A.  The Settlement

The Plaintiff worked for the Defendants as a maintenance supervisor between 2015 and 2018.  (Doc. 25 at 2).  The Plaintiff claims that the Defendants misclassified him as an exempt employee when he was actually a non-exempt employee entitled to receive overtime wages under the FLSA.  (Docs. 1; 15 at 5; 25 at 2).  Accordingly, the Plaintiff contends that the Defendants failed to pay him somewhere between $6,000.00 and $18,000.00 in overtime wages, and seeks full compensation for that amount, plus an equal amount in liquidated damages.  (Doc. 15 at 5).  The Defendants argue that the Plaintiff was exempt from the FLSA overtime requirement and therefore is not entitled to recover any overtime wages.  (Doc. 25 at 2).  Thus, this case involves a disputed issue of coverage under the FLSA, creating a bona fide dispute under that statute.

The parties have been represented by counsel throughout this case and state that they "had sufficient information and had conducted an adequate investigation to allow them to make an educated and informed analysis of the claims." (*Id*. at 4).  The Plaintiff agreed to compromise his

---

[4] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.  *See* 11th Cir. R. 36-2.

claims due to the complexity of the issues, the probability of success on the merits, and the time and expense associated with continued litigation. (*Id*. at 4). For these reasons, the Plaintiff agreed to receive $2,950.00 in unpaid wages, an equal amount in liquidated damages, and $4,000.00 in attorney fees and costs in exchange for releasing any and all FLSA claims that he may have against the Defendants and other released parties. (Doc. 25-1 at ¶¶ 2-3).

Although the Plaintiff is agreeing to settle this case for significantly less than he claimed he was entitled to recover, the undersigned nevertheless finds that the settlement is fair and reasonable. This case involves a coverage dispute. Thus, if the Plaintiff failed to prove that he is a non-exempt employee entitled to overtime wages under the FLSA he would recover nothing and be liable for the Defendants' costs. The Revised Agreement ensures that the Plaintiff will receive some compensation. For this reason, as well as the additional time and expense associated with continued litigation, the undersigned finds that the settlement is fair and reasonable. Therefore, the undersigned **RECOMMENDS** that the Court find that the settlement is a fair and reasonable resolution of the Plaintiff's FLSA claim.

## B. The Other Terms of the Revised Agreement

The Revised Agreement contains two provisions of note. The undersigned will address each provision in turn.

First, the Revised Agreement contains a release provision in which the Plaintiff agrees to release the Defendants and other released parties "from any and all claims Plaintiff may have under the Fair Labor Standards Act ("FLSA")." (Doc. 25-1 at ¶ 2).[5] This release is sufficiently narrow

---

[5] The Agreement contains two other provisions that restate that the Plaintiff is only releasing FLSA claims that he has or may have against the Defendants and other released parties. (Doc. 25 at 6-7).

to allay any concern that the Plaintiff may be giving up an unknown, but valuable, claim that is wholly unrelated to his FLSA claim. *See, e.g.*, *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010); *see also Bright v. Mental Health Res. Ctr., Inc.*, Case No. 3:10-cv-427-J-37TEM, 2012 WL 868804 (M.D. Fla. Mar. 14, 2012). Thus, the undersigned finds that the Revised Agreement's release provision does not affect the fairness and reasonableness of the settlement.

Second, the Revised Agreement contains a modification provision, which states:

> This Agreement may not be modified, altered or changed except upon express written consent of all Parties wherein specific reference is made to this Agreement.

(Doc. 25-1 at ¶ 16). This provision allows the parties to modify the Revised Agreement at any time without Court approval. This provision, if used, would defeat the purpose of obtaining Court approval of the Revised Agreement. *See Layton v. Percepta, LLC*, Case No. 6:17-cv-1488-Orl-41DCI, 2019 WL 1047325, at *2 (M.D. Fla. Feb. 13, 2019) *report and recommendation adopted*, 2019 WL 1040854 (M.D. Fla. Mar. 5, 2019). Thus, the undersigned recommends that the modification provision, *i.e.*, the second full sentence of paragraph sixteen of the Revised Agreement, be stricken.[6]

The Revised Agreement does not contain any other provisions that are generally found to undermine the fairness and reasonableness of an FLSA settlement. (*See* Doc. 25-1). Thus, the undersigned **RECOMMENDS** that the Court strike the second, full sentence of paragraph 16 of the Revised Agreement and find that none of the other provisions of the Revised Agreement affect the overall fairness and reasonableness of the settlement.

---

[6] The Revised Agreement permits the severability of the modification provision without affecting the remainder of the Revised Agreement. (Doc. 25-1 at ¶ 8 ("Should any of the provisions of this Agreement (other than the Release of Claims provision) be determined to be invalid by a court of competent jurisdiction, the Parties agree that this shall not affect the enforceability of the other provisions of the Agreement.")).

**C. Attorney Fees and Costs.**

The parties agreed that the Plaintiff's counsel will receive a total of $4,000.00 in attorney fees and cost.   (Doc. 25-1 at ¶ 3(c)).   The parties state that they "agreed on the amount of fees and costs to be paid to Plaintiff's counsel separately and after agreeing on the amounts to be paid to Plaintiff."   (Doc. 25 at 5).   The settlement is reasonable to the extent previously discussed, and the parties' foregoing statement adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount the Plaintiff is receiving under the Revised Agreement.   *See Bonetti*, 715 F. Supp. 2d at 1228.   Therefore, pursuant to *Bonetti*, the undersigned **RECOMMENDS** that the Court find that the agreement concerning attorney fees and costs does not affect the fairness and reasonableness of the settlement.

**IV.   Conclusion**

Accordingly, it is respectfully **RECOMMENDED** that:

1.  The Motion (Doc. 25) be **GRANTED** as follows:

    a.  The second full sentence of paragraph sixteen of the Revised Agreement (Doc. 25-1 at ¶ 16) be **STRICKEN**.

    b.  The Revised Agreement (Doc. 25-1) otherwise be found to be a fair and reasonable settlement of the Plaintiff's FLSA claim.

2.  The Motion (Doc. 25) be **DENIED** in all other respects.

3.  The case be **DISMISSED WITH PREJUDICE**.

4.  The Clerk be directed to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

Recommended in Orlando, Florida on June 27, 2019.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy